UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10359-GAO

WALTER TOZIER,
Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,
Defendant.

OPINION AND ORDER
March 28, 2013

O'TOOLE, D.J.

The Commissioner of the Social Security Administration denied Walter Tozier's application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income benefits ("SSI".) Before the court are cross-motions to reverse (dkt. no. 10), and alternatively to affirm (dkt. no. 16) the Commissioner's decision.

**I.    Procedural History**

Tozier filed applications for SSDI and SSI on June 23, 2009. (Administrative Tr. at 11 [hereinafter R.].)[1] He claimed he was unable to work due to pain in his lower back, right knee, right hand, and sleep apnea. (R. at 13-14.) The initial application was denied on December 11, 2009 and the application for reconsideration was denied August 23, 2010. (R. at 11.) A hearing was held before Administrative Law Judge Baird ("ALJ") on October 5, 2011 who denied

---

[1] The administrative record has been filed electronically (dkt. no. 7.) In its original paper form, its pages are numbered in the lower right-hand corner of each page. Citations to the record are to the pages as originally numbered, rather than to numbering supplied by the electronic docket.

Tozier's claim on October 18, 2011. (R. at 1.) The Appeals Council denied the request for review making the ALJ's decision final. Tozier filled a timely appeal to this court.

## II.      Medical History

Tozier was born January 31, 1961 and resides in Lowell, Massachusetts. He has a tenth grade education and his last job was in October 2008 performing manual labor at a factory. (R. at 34.)

### A.      Back, Leg, and Hand Pain

Tozier injured his right thumb and index finger in 2008 as a result of strenuous work. (R. at 37.) He reported the injury in his thumb in June 2008 (R. at 222) and in August 2008 he claimed that he was unable to use his hand to grab anything. (R. at 229.) Tozier was treated by Dr. Christopher Widstrom, who documented pain in Tozier's right thumb and pain in his wrist when moving towards the extremes of extension. (R. at 218.) An x-ray of the wrist was taken and appeared normal. (R. at 218.) In October 2008 Tozier was treated by Dr. Ryan Karlstad, who diagnosed tendinitis in the thumb and treated with an injection which did improve the pain. (R. at 234-35.)

Tozier also claims disability due to pain in his knee and back. During the hearing before the ALJ, Tozier testified that he was in constant pain, that he cannot sit without pain, and that standing causes severe pain in his back. (R. at 43-44, 48.) Tozier testified that after returning home from short walks he would require pain pills and an icepack. (R. at 38-39.) Tozier stated that the pain in his right knee began in March 2010 when he was "slammed" onto a wooden deck by police officers. (R. at 42-43, 53-54.) Tozier had previously injured the same knee as a teenager. (R. at 254.) In August 2010 he was treated by Dr. Joel Epstein, who noted that Tozier

lacked a few degrees of extension in his right knee, had pain with movement, and had normal strength in both legs. (R. at 278.)

### B. Depression

Tozier claimed to suffer from depression. He was examined by Dr. Doan in May 2010 who reported no signs of any mental disorder. (R. at 254-55.) The ALJ found no objective medical evidence to support the claim that Tozier suffers from depression. (R. at 14.)

### C. Sleep Disorder

The first report of Tozier's sleep disorder in the record was in the July 2009 Social Security disability report. (R. at 173.) In September 2011 he was treated by Dr. Joseph Walek. (R. at 303.) Tozier reported symptoms consistent with sleep fragmentation and daytime hypersomnia (R. at 303-04.) A polysomnography was conducted which revealed significant sleep apnea, but without significant oxygen desturations (R. at 303-04.)

### D. State Medical Experts

Tozier's case was reviewed by two state medical experts. In June 2010 reviewing psychologist, Dr. John Warren, concluded that Tozier had no medically determinable psychiatric impairment. (R. at 270.) A review was also completed in August 2010 by Dr. Theresa Kriston who concluded that Tozier had some limitation in pushing and/or pulling with his lower extremities, and that he was limited to standing and/or walking for three to four hours in an eight-hour workday, occasionally lifting twenty pounds, and frequently lifting ten pounds. (R. at 287-94.)

**III.**     **Legal Standard**

    A.     Standard of Review

A district court has the power to affirm, modify, or reverse a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g). The district court must make its decision based on the pleadings, transcript, and record that were before the Commissioner, and "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); see Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). This Court is required to uphold the Commissioner's findings if "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 647 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). Under the substantial evidence standard, the Court must uphold the Commissioner's determination, "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

    B.     Disability Standard

An individual is considered disabled if he is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration has promulgated a five-step sequential analysis to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. The hearing officer must determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment; (3) whether the impairment meets or medically equals an impairment listed under 20 C.F.R. Part 404, Subpart P, Appendix 1, and meets the duration requirement; (4) whether the claimant has the residual functional capacity to perform his past relevant work; and (5) whether the impairment prevents the claimant from doing any other work considering the claimant's age, education, and work experience. Id.

The claimant bears the burden in the first four steps to show that he is disabled within the meaning of the Social Security Act. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). Once the claimant has established that he is unable to return to his former employment, the burden shifts to the Commissioner to prove the fifth step, that the claimant is able to engage in substantial gainful activity that exists in significant numbers in the national economy. Id.

## IV.     The ALJ's Decision

The ALJ's opinion tracked the five-step sequential evaluation process, mandated by 20 C.F.R. §§ 404.1520(a) and 416.920(a), to determine whether Tozier was disabled. (R. at 7-15.) Each step is potentially dispositive; if the claimant is determined disabled (or not disabled) at any step, the inquiry proceeds no further. 20 C.F.R. § 404.1520.

The first step requires gauging the claimant's work activity. 20 C.F.R. § 404.1571 *et seq* and 416.971 *et seq*. The ALJ found that Tozier has not worked since his alleged onset date, thus moving on to step two. (R. at 13.)

At step two, the ALJ found that Tozier had the following severe impairments: lower back degenerative changes, right knee degenerative joint disease, and right hand degenerative changes. (R. at 13.) Sleep apnea was not included as a severe impairment because the ALJ found there is was little within the record to conclude that Tozier's sleep apnea caused more than minimal limitation in his ability to perform basic work activities. (R. at 14.)

Moving on to step three, the ALJ found that Tozier "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" in the regulations. (R. at 14.) Therefore, the ALJ proceeded to an assessment of Tozier's residual functional capacity.

At step four, the ALJ found that Tozier has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. at 14.) The ALJ included the following limitations to Torzier's residual functional capacity:

> the claimant can only occasionally lift 20 pounds, and only frequently lift or carry 10 pounds; the claimant can only sit for 6 hours in an 8-hour workday, and can only stand or walk for 6 hours in an 8-hour workday; the claimant can only occasionally climb ramps or stairs; the claimant can never climb ladders, ropes, or scaffolds; the claimant can only occasionally balance, stoop, kneel, crouch, or crawl; the claimant is limited to only frequent, bilateral reaching or handling.

(R. at 14-15.) In making his determination the ALJ found that Tozier's medically determinable impairments could be expected to cause the alleged symptoms. (R. at 15.) The ALJ, however, did not find Tozier's testimony credible as to the intensity, persistence, and limiting effects of the symptoms. (R. at 15.)

At step five, the ALJ examined whether Tozier was able to engage in any substantial gainful activity that existed in significant numbers in the national economy. The ALJ determined that Tozier is capable of performing his past relevant work as a utility worker or in the alternative could find other means of employment in fields where significant numbers of jobs exist in the national economy given Tozier's residual functional capacity and limitations. (R. at 17-19.) The ALJ therefore found that Tozier was not disabled under section 1614(a)(3)(A) of the Social Security Act. (R. at 19.)

## V.     Discussion

Tozier argues that the ALJ committed two reversible errors in coming to his conclusion. Tozier first argues that the ALJ erred by not including his sleep apnea when evaluating the combination of impairments. The second argument is that the ALJ committed reversible error by failing to follow the proper standards when assessing Tozier's credibility. After reviewing the parties' submissions and the record it is clear that the ALJ did not err in his determination.

Tozier's argues that the ALJ committed reversible error when he found that Tozier's sleep apnea was not severe. An impairment is not severe when the medical evidence establishes only a slight abnormality which has no more than a minimal effect on an individual's ability to work. *Social Security Ruling No. 85-28* (1985). The ALJ took Tozier's sleep apnea into account when he stated in his decision,

> The record indicates that the claimant has been diagnosed with sleep apnea (Ex. B21F). There is little within the record to support a finding that the claimant's sleep apnea caused more than a minimal limitation in his ability to perform basic work activities, therefore the undersigned finds this impairment non-severe.

(R. at 14.) The record contains little evidence as to the affects of Tozier's sleep apnea. Apart from the polysomnography report, there is no indication as to what, if any, effect the apnea would have on Tozier's ability to perform substantial gainful activity. The only evidence presented on that issue was Tozier's own testimony which the ALJ is not obliged to accept at true. See Bianchi v. Sec'y of HHS, 764 F.2d 44, 45 (1st Cir. 1985). Tozier had the burden of showing what severe impairments he suffers from. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). The ALJ's conclusion that Tozier's sleep apnea is non-severe is not contradicted by the record and therefore will not be disturbed by this court.

The second argument is that the ALJ improperly weighed the credibility of Tozier's hearing testimony. The ALJ found that Tozier's statements concerning the intensity, persistence,

and limiting effects of his symptoms were not credible. (R. at 15.) In weighing Tozier's credibility the ALJ noted that in Tozier's application for unemployment benefits, he indicated that he was ready, willing, and able to work, which the ALJ found to be inconsistent with Tozier's statements that he was unable to work due to his medical ailments. (R. at 16.) The ALJ considered the inconsistency as it bore on the assessment of Tozier's credibility. Id.

Tozier argues that using the application for unemployment benefits against him is contrary to the stated policies of the Social Security Administration. A Social Security Administration memorandum dated November 15, 2006 states, "This is a reminder that the receipt of unemployment insurance benefits does not preclude the receipt of Social Security disability benefits."[2] (Pl.'s Memo. in Support, Ex. 1 at 1 (dkt. no. 11-1).) While an application for unemployment benefits cannot be used exclusively to deny SSI or SSDI, it can be taken into account by the ALJ. The memorandum goes on to read, "However, application for unemployment benefits is evidence that the ALJ must consider together with all of the medical and other evidence." (Id.) The ALJ's decision properly followed administration policy. Tozier's application for unemployment benefits was just one of several factors used by the ALJ in coming to the conclusion that Tozier's testimony was not credible, including comparing the testimony to the contradictory documented medical evidence. (R. at 15-16.)

---

[2] Interpreting, Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1995).

**VI.** **Conclusion**

For the reasons stated herein, Tozier's Motion to Reverse (dkt. no. 10) is DENIED, and the Motion to Affirm (dkt. no. 16) is GRANTED. The decision of the Commissioner is AFFIRMED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
